## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH TRIM, SR. (#131082)** | **CIVIL ACTION NO.** |
| **VERSUS** | **22-459-JWD-EWD** |
| **EDWARD D. BICKHAM, ET AL.** | |

*CONSOLIDATED WITH*

| | |
|---|---|
| **JOSEPH TRIM, SR. (#131082)** | **CIVIL ACTION NO.** |
| **VERSUS** | **22-460-JWD-EWD** |
| **E. DUSTIN BICKHAM, ET AL.** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOSEPH TRIM, SR. (#131082)**                    **CIVIL ACTION NO.**

**VERSUS**                                         **22-459-JWD-EWD**

**EDWARD D. BICKHAM, ET AL.**

*CONSOLIDATED WITH*

**JOSEPH TRIM, SR. (#131082)**                    **CIVIL ACTION NO.**

**VERSUS**                                         **22-460-JWD-EWD**

**E. DUSTIN BICKHAM, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaints of Joseph Trim, Sr. ("Trim").[1] Based on the screening process in 28 U.S.C. §§ 1915(e) and 1915A, it is recommended that Trim's claim for deliberate medical indifference be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit as required by 42 U.S.C. § 1997e and that the remaining claims be dismissed without prejudice, as they involve different defendants and events such that they were not properly brought with the Trim's deliberate medical indifference claim.

**I.    BACKGROUND**

Trim filed two civil actions in this Court against Edward Dustin Bickham, Patricia Williams, Stephanie Simpson, and Dr. Don LaFleur. Trim's primary complaint appears to relate to his claim under to 42 U.S.C. § 1983 for deliberate medical indifference in violation of his civil rights for an incident that occurred on or about June 29, 2022. Many unrelated facts are included in the Complaints and attachments. It appears that Trim seeks monetary relief.[2]

---

[1] No. 22-459, R. Doc. 1; No. 22-460, R. Doc. 1. After the first four pages of the Complaint in No. 22-459, the remainder of the Complaint and attachments appear to be identical up until R. Doc. 1-1, p. 1 where certain parts of the documents begin repeating themselves over again and are duplicative. Because the Complaints in each case are, essentially duplicates, all record references in this Report are to the Complaint in No. 22-459.

[2] R. Doc. 1, p. 9.

## II. LAW & ANALYSIS

### A. Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[3] The screening process under these statutes gives the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Any claim that does not pass screening is subject to dismissal by the Court even before the suit has been served or before any defendant has answered. Because Trim has sued prison officials, his case is subject to the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[4] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] For a complaint to survive

---

[3] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Trim was granted IFP status on October 31, 2022, so both statutes apply. R. Doc. 3.
[4] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[5] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*

dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of a plaintiff's claim.[8]

### B. Only the Claim for Deliberate Medical Indifference Will be Considered in this Case

Throughout Trim's Complaint and in the attachments, he complains of various, unrelated incidents. Trim begins the Complaint noting that he met with a doctor named "Pricton Alliteason" on June 29, 2022 at DCI, and she informed him that he must be brought to the New Orleans Hospital on July 18, 2022, presumably for some medical treatment.[9] Trim goes on to make some largely incoherent allegations regarding a bar code on his ID card that appear to be related to his appointment.[10] Trim then also alleges that "Jamie," who works with pill call does not do her job and that the pill call officers in general do not know how to do their jobs because they are just security officers.[11] It appears Jamie gave Trim some medication but it is unclear if Trim had some issue with the medication. Trim goes on to state some facts about his grandparents' car.[12] The Complaint then goes off into what appears to be a letter to another individual noting things like "let Donna know her brother loves her…."[13] Then, an unrelated declaration appears in the middle of the Complaint that notes Trim was stabbed by his cell mate on May 29, 2021.[14] Trim also included a grievance regarding an incident where another cellmate stabbed him on June 24, 2021.[15] These factual allegations relate to several, unrelated incidents. To the extent Trim seeks relief in this case for these separate, unrelated incidents, his claims are improperly cumulated.

---

[8] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).
[9] R. Doc. 1, p. 8.
[10] R. Doc. 1, p. 10.
[11] R. Doc. 1, p. 27.
[12] R. Doc. 1, p. 28.
[13] R. Doc. 1, p. 29.
[14] R. Doc. 1, pp. 30-31.
[15] R. Doc. 1, p. 32.

3

Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows a party to "join as many claims as it has against an opposing party." However, the official commentary of Rule 18 emphasizes that amended Rule 18(a) "deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claim if fairness or convenience justifies separate treatment."[16] Rule 20 allows multiple defendants to be joined in one suit if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and "any question of law or fact common to all defendants will arise in the action." On the other hand, if the claims arise out of different events and do not involve all defendants, joinder should not be allowed under Rules 18(a) and 20.[17] Put another way, in a case naming multiple defendants, if claim one is against five defendants and claim two is against only one of those defendants, joinder should not be allowed, unless all claims arose out of the same event and present common questions of law. If the claims arise from different events and do not involve all defendants, joinder should not be allowed.[18]

Further, severing unrelated claims brought by an inmate is often warranted even if some claims involve related defendants because allowing several unrelated claims to proceed in one action would frustrate the purposes of the Prison Litigation Reform Act ("PLRA").[19] Indeed, the Fifth Circuit has discouraged "creative joinder of actions" by prisoners attempting to avoid the PLRA's three-strikes provision.[20] Because Trim includes such wide-ranging complaints that are

---

[16] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.
[17] *Shafer v. Davis*, No. 20-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020), citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[18] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[19] *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), *judgment entered*, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and *aff'd*, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).
[20] *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions.").

difficult to understand, the Court will consider only the claim that appears first in his Complaint regarding meeting with "Pricton Alliteason" on June 29, 2022 at DCI, when Trim was informed that he must be brought to the New Orleans Hospital on July 18, 2022.[21] It is recommended that all other claims be dismissed without prejudice as improperly cumulated.

### C. Trim's Claim of Deliberate Medical Indifference is Unexhausted on the Face of the Complaint

Trim complains that he had an appointment on June 29, 2022 with a doctor at DCI who told Trim he must be brought back to the hospital in New Orleans on July 18, 2022.[22] This lawsuit, as well as Civil Action No. 22-460, were filed with this Court on July 6, 2022.[23] The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[24] The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in federal court.[25] When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted.[26] Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."[27] However, a district court may

---

[21] R. Doc. 1, p. 8.
[22] R. Doc. 1, p. 8.
[23] R. Doc. 1. The prison mailbox rule does not apply to Trim's Complaints because they are not dated and there is no indication of when they were mailed. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995) (the prison mailbox rule generally applies to filings by inmates and uses the date the filing was submitted to prison authorities for filing as the filing date, rather than the date the document was ultimately filed with the court); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). Even if the prison mailbox rule did apply, it would not help Trim on the issue of exhaustion because the filing date would be even earlier than July 6, 2022.
[24] 42 U.S.C. § 1997e(a).
[25] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[26] *Hicks v. Garcia*, 372 Fed.Appx. 557, 558 (5th Cir. 2010).
[27] *Jones*, 549 U.S. at 216.

dismiss a case for failure to state a claim on its own motion, based on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."[28]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in federal court. The ARP process is found in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate starts the ARP process by completing a request for administrative remedy or by writing a letter to the warden. An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the allowed reasons. A request rejected during the screening process cannot be appealed to the second step. If a request is accepted at the screening level, the warden must respond on a first-step response form within forty (40) days of receipt of the request (five days for a complaint under the Prison Rape Elimination Act). If an inmate is not satisfied with the first-step response, he may proceed to the second step of the ARP process by appealing to the Secretary of the Department of Corrections (DOC). The DOC Secretary must issue a response within forty-five (45) days from the date the second-step request is received using a second-step response form. An inmate dissatisfied with the second-step response may file suit. Whether or not a second-step response is received, once ninety days have passed from the date the inmate begins the ARP process, unless an extension has been granted, the inmate may file suit.

It is clear from the face of the Complaint that Trim's claims are unexhausted, the appointment Trim attended occurred on June 29, 2022,[29] and this lawsuit was filed just seven days

---

[28] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014).

[29] Even if the Court were to reach the merits of Trim's claims, he has not stated a claim for deliberate indifference to a serious medical need. First, he has not explained the nature of his serious medical need. Assuming Trim had a serious medical need, it appears his claims are based upon a disagreement with treatment, which does not state a claim. *Parrott v. Sizemore*, No. 20-40586, 2022 WL 2072866, at *2, (5th Cir. 2022), citing *Norton v. Dimazana*, 122 F.3d 286, 291-92 (5th Cir. 1997) (an inmate's dissatisfaction or disagreement with the medical treatment he receives does not amount to deliberate indifference). Further, to the extent Trim complains of a delay in treatment, he also cannot state a claim in that regard because he has wholly failed to describe what substantial harm occurred as a result of any alleged delay. *Lacy v. Shaw*, 357 Fed.Appx. 607, 609 (5th Cir. 2009) (a delay in medical care does not state a claim without resulting substantial harm).

later.[30] Trim could not exhaust his administrative remedies within this short timeframe.[31] 42 U.S.C. § 1997e requires a plaintiff to exhaust the available administrative remedies at the prison before filing suit in this Court. Because Trim failed to complete the ARP process before filing this suit, his claims should be dismissed without prejudice.[32]

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff Joseph Trim, Sr.'s claims of deliberate medical indifference arising in June 2022 be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A due to his failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e.[33]

**IT IS FURTHER RECOMMENDED** that Trim's remaining claims be **DISMISSED WITHOUT PREJUDICE** as improperly cumulated.

Signed in Baton Rouge, Louisiana, on March 6, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] R. Doc. 1.
[31] *See Conklin v. Randolph* 553 Fed.Appx. 457, 458 (5th Cir. 2014) (holding that a district court's dismissal on its own motion of a complaint as unexhausted was not in error when the failure to exhaust was apparent from the face of the complaint since the lawsuit was filed five days after the event giving rise to the lawsuit). There is also no indication that Richard filed an "emergency grievance" under the ARP procedure, which grievances are subject to a different procedure. Even if Richard had filed an emergency grievance, he would not be relieved of the requirement to exhaust administrative remedies. *Dartson v. Kastner*, No. 06-180, 2006 WL 3702634, at *2 (E.D. Tex. Dec. 13, 2006).
[32] *Dartson*, 2006 WL 3702634, at *3. Though ordinarily a *pro se* plaintiff should be given an opportunity to amend his or her complaint before the case is dismissed, leave to amend is not necessary if amendment would be futile. *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (though ordinarily a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile). Here, amendment would be futile because the claims are clearly unexhausted, and even if the claims were exhausted, no facts consistent with those alleged by Trim state a claim for deliberate medical indifference.
[33] Trim is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the Ruling in this matter will count as a strike.